IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM R. GLASS, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 05-1971(JBS) |
| v. | |
| ARTHUR S. SNELLBAKER and the CITY OF ATLANTIC CITY, | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE**, District Judge:

This matter comes before the court upon Defendant City of Atlantic City's motion for reconsideration [Docket Item No. 41] of the Court's denial of Defendant Atlantic City's motion for summary judgement as to Plaintiff William R. Glass's claims that Defendant Atlantic City ("Defendant" or "Atlantic City") violated his First Amendment and common law rights when it transferred him from his position as Deputy Chief of the Special Operations Division to a Deputy Chief position in the Support Services Division of the Atlantic City Police Department and stripped him of all job responsibilities and ability to participate in the work of the Department. See Glass v. Snellbaker, No. 05-1971(JBS), 2007 WL 1723472 (D.N.J. June 14, 2007) ("the June Opinion"). The Court has considered all submissions, and for the reasons that follow, shall deny Defendant's motion for reconsideration:

1.  Local Civil Rule 7.1(i) of the United States District

Court, District of New Jersey, governs motions for
reconsideration.  The rule requires that the moving party set
forth the factual matters or controlling legal authority that it
believes this Court overlooked when rendering its initial
decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration
is a matter within the district court's discretion, but it should
only be granted where such facts or legal authority were indeed
presented but overlooked.  DeLong Corp. v. Raymond Int'l, Inc.,
622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by
Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v.
Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).  The purpose of a
motion for reconsideration "is to correct manifest errors of law
or to present newly discovered evidence."  Harsco Corp. v.
Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476
U.S. 1171 (1986).  A motion for reconsideration is improper when
it is used solely to ask the court to rethink what it has already
thought through – rightly or wrongly.  Oritani Savings & Loan
Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J.
1990)(citing Above the Belt v. Mel Bohannan Roofing, Inc., 99
F.R.D. 99, 101 (E.D. Va. 1983)), rev'd on other grounds, 989 F.2d
635 (3d Cir. 1993).  Nor is reconsideration warranted when the
moving party simply recapitulates the cases and arguments
considered by the court prior to rendering its initial decision.
Carteret Sav. Bank v. Shushan, 721 F. Supp. 705, 706-07 (D.N.J.

1989).

2.  Defendant Atlantic City argues that the Court mistakenly construed Atlantic City's position on whether Plaintiff was an affiliate of the PBA and that the error merits overturning the Court's decision on the viability of Plaintiff's First Amendment claim.  Atlantic City claims that Plaintiff, as a Deputy Chief, was not permitted to be a member of the police officers' union and therefore could not have taken any protected union activity. Defendant both misconstrues the Court's standard on a motion for summary judgment and misstates the Court's legal ruling on Plaintiff's union activity.

3.  First, on Defendant's motion for summary judgment, the Court construed the disputed facts in the light most favorable to Plaintiff, as it did.  In this case Plaintiff has alleged that he was a bona fide member of the PBA.  Thus, even if Defendant's position were to the contrary, the Court could not have credited that position on Defendant's motion for summary judgment. Second, the Court explained, regardless of Plaintiff's membership in the union, Plaintiff alleged that he associated with the union, in an informal manner, by supporting their activity and speech.  The Court held in its June Opinion that such association was protected First Amendment activity, under Healy v. James, 408 U.S. 169, 181 (1972).  Defendant's related argument that New Jersey law does not permit Plaintiff to be both a manager and a

3

formal affiliate of the PBA has already been addressed by this Court; because there is a First Amendment right to association, it does not matter that New Jersey law may ban formal membership in the union.  Of course, the First Amendment prevails, even if the statute were read to conflict with the kind of association Plaintiff alleges he engaged in here, which Defendant appears to argue.

4.  Further, Defendant argues that it should have used an unpublished Third Circuit Opinion, decided prior to the Supreme Court's decision in <u>Garcetti v. Ceballos</u>, 126 S. Ct. 1951 (2006), to determine what constitutes protected conduct, instead of <u>Garcetti</u>.  Unpublished opinions of the Court of Appeals are non-precedential in any event.  Of course the Supreme Court's decision is binding on the Court and Atlantic City does not have a valid argument that the Court misapplied the law in its June Opinion.

5.  Finally, Defendant raises new issues in regard to Plaintiff's contractual claims and misconstrues the Court's prior denial of summary judgment on those claims.  First, Atlantic City had previously argued the contract claims failed because there was no retaliation, as a matter of law.  The Court rejected that argument on Defendant's motion for summary judgment, viewing the facts in the light most favorable to Plaintiff.  The Court found that the facts alleged, if proved, could reasonably be found to

4

amount to retaliation.  Second, as indicated, the Court has not
ruled on the validity of Plaintiff's contract claims; rather, the
Court has merely denied summary judgment to Atlantic City on them
because Defendant failed to show there is no genuine issue of
material fact.

6.  Accordingly, there is no basis for reconsideration under
Local Rule 7.1(i) and the motion shall be denied.  An
accompanying Order shall be entered.


**September 21, 2007**                    **s/ Jerome B. Simandle**
Date                                             Jerome B. Simandle
                                                 U.S. District Judge